(85 South. 429)

## CASSIATORE v. DE BARDELEBEN COAL CO.  (6 Div. 990.)

(Supreme Court of Alabama.   April 22, 1920.)

Master and servant &=243(12)—Where miner failed to remove draw rock as directed, there can be no recovery for his death.

Where it was the duty of a coal miner to make the roof of mine safe, and he was directed to take down the draw rock before the removal of coal, there can be no recovery for death caused by the fall of the rock, where at the time of the accident he was disregarding instructions.

Appeal from Circuit Court, Walker County; J. J. Curtiss, Judge.

Action by Luigi Cassiatore, as administrator, against the De Bardeleben Coal Company for the death of his intestate. Judgment for the defendant, and the plaintiff appeals. Affirmed.

Suit by appellant against appellee to recover damages for the death of one Frank Lamoto, who was killed by the falling of a draw rock in the roof of an air course in defendant's mine. The first count of the complaint relies on a defect in the condition of the ways, works, machinery, etc. The second and third counts charge negligence on the part of the superintendent, in that he negligently caused or allowed a part of the roof of the mine to fall upon the plaintiff.

There were numerous special pleas, setting up contributory negligence in various forms. Plea 14 was to the effect that intestate was an experienced miner, and that the draw rock, which was several inches thick, rested on the coal, and was likely to fall at any time, if the coal was removed from under it, all of which facts were known to intestate, as well as the danger of injury from the falling of the draw rock, and, further, that intestate was instructed by the foreman not to work under the draw rock after the coal was removed, but to take it down, and that intestate disregarded said instructions and negligently worked under said draw rock after the coal had been mined from under it until said rock fell, and as a proximate result plaintiff's intestate met his death.

The proof tended to show that plaintiff was killed while at work in the air course of the mine, and that in working the roof of the air course a 7½-foot under-cut machine was used. It was plaintiff's insistence that this machine cut too wide and deep a space in the roof, thereby leaving insufficient room to prop the roof with timbers; that a smaller machine should have been used on that particular roof, because the draw rock was of soft material; and that the foreman or assistant superintendent was notified that a smaller machine should have been used, but did not change the same.

There was also evidence tending to show that the mine foreman, four or five days before the death of plaintiff's intestate, examined the roof where intestate and his companion were working, which, at that time, he considered safe; but there was evidence tending to show they had worked regularly each day since that time, and had worked some distance from this place, though it is not shown that the foreman so examined or stated as to the condition of the roof at the point plaintiff's intestate was working at the time he was killed.

There was evidence tending to show the relation of employer and employé, and that deceased received compensation—being paid a certain tonnage price for coal worked, and certain additional price per yard for making the entry and the air course, and making safe the roof in the entry and passage way. Plaintiff's intestate was working this entry with one Tony Sciari. The draw rock on top of the coal at this particular place was about 7 inches thick, and was of soft material which usually fell with the coal, lying right on top of the coal—being between the coal and the main rock. The evidence is without dispute that plaintiff's intestate had been given particular instructions by the mine foreman to take down the draw rock, and that this had previously been done, except for the last one or two times, and that he had been warned only the day before he met his death of the danger of not taking down the draw rock after each cutting. There was also evidence tending to show that the machine used was the kind in use in the best-regulated mines, and was proper for this purpose.

At the conclusion of the evidence the court gave the affirmative charge in favor of the defendant, and from the judgment following plaintiff prosecutes this appeal.

Silberman & Hoskins and Lange & Simpson, all of Birmingham, for appellant.

Where the evidence shows that the defendant requires its employees to use a mining appliance, which resulted in leaving a dangerously large section of roof unsupported, this was sufficient evidence of a defect to carry the case to the jury. 92 Ala. 300, 9 South. 252, 25 Am. St. Rep. 47; 100 Ala. 187, 14 South. 175; 178 Ala. 515, 59 South. 445. The furnishing of such machinery constitutes a defect under the Employers' Liability Acts. 141 Ala. 479, 37 South. 789; 178 Ala. 554, 59 South. 498. Defendant superintendent was guilty of negligence in instructing Lamato to work thereunder. Defendant was not entitled to affirmative instruction on the pleas of contributory negligence and assumption of risk. 150 Ala. 356, 43 South. 561; 174 Ala. 593, 56 South. 539.

J. H. Bankhead, Jr., of Jasper, for appellee.

Where the employee injured is the one intrusted with the works, ways, etc., and undertakes that duty, he cannot complain. 133 Ala. 279, 32 South. 15. The court properly directed a verdict for defendant. 97 Ala. 181, 12 South. 103.

GARDNER, J. A sufficient outline of the issues and tendencies of the evidence in support thereof will appear in the statement of the case. As to whether or not sufficient proof was offered by the plaintiff to make out a case for submission to the jury upon either count need not be here determined, for the reason that the action of the trial court in giving the affirmative charge for the defendant may well be rested upon the fact that plea 14, setting up contributory negligence, was proven without dispute.

The undisputed evidence in this case discloses that it was the duty of plaintiff's intestate and his companion to make safe the roof of the mine, and that at this particular point the draw rock (the falling of which caused his death) was soft and liable to fall at any time—a fact well known to any experienced miner, and of which he had been repeatedly warned. The evidence also shows without conflict that, under such circumstances, the draw rock should first be pulled down, and the coal afterwards removed. These were the instructions of the mine foreman, and the proof shows, as alleged in the plea, that plaintiff's intestate disregarded these instructions, and in this manner contributed to his death.

There was no objection by demurrer to plea 14. Issue was taken thereon, and every material averment thereof proven without conflict. The defendant was therefore entitled to the affirmative charge. Finding no error in the record, the judgment of the court below will be here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.

─────────
⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes